## WELD vs. GREEN.

Where personal property attached, has been lost through the negligence of the officer, or by him misappropriated, he is liable to the attaching creditor for the value of the property *at the time it would have been seised and sold on execution*, had no such loss or misappropriation taken place.

And in an action by the attaching creditor against such officer, the latter is not *estopped* from showing the true value of the property, by a judgment obtained by him against one to whom he had bailed the property for safe keeping, such bailee being insolvent, and the judgment against him remaining unsatisfied.

CASE for the neglect of one *Lambert*, a deputy of the defendant, while he was Sheriff of the County of *Lincoln*. On the trial of this action before the *Chief Justice*, it appeared that *Lambert* had attached, at the plaintiff's suit against *George Houdlette*, one eighth part of the brig *Mary & Nancy*, and placed the same in the possession of two *receiptors*, who in writing agreed to return the same to him on demand or pay him $300. Not having so returned the same, *Lambert* sued them on their receipt, and recovered judgment for said sum and interest. It did not however appear that he had ever received any satisfaction of his said judgment, but that his attachment on the property of said receiptors was lost by a prior attachment on their property and that they proved insolvent. But there was no proof of such prior attachment except *by parol*, and this was objected to by the plaintiff's counsel.

The counsel for the defendant offered evidence to show that, the value of one eighth of said brig when attached, and when execution issued, was far less than that sum. The counsel for the plaintiff objected to the admission of this evidence, on the ground that, the defendant was estopped by the receipt taken by *Lambert* and his judgment against the receiptors, to deny the value to be less than $300, and contended that he was liable for that amount and interest. But the *Chief Justice* overruled the objection and admitted the evidence — and instructed the jury that the defendant was only answerable for *the value* of the one eighth, and the jury accordingly found for the defendant, who had brought into Court a sum equal to the value and costs.

Weld v. Green.

If the ruling and instructions aforesaid were right, judgment was to be entered on the verdict — otherwise it was to be set aside and a new trial granted.

*Fessenden & Deblois,* for the plaintiff.

1. The defendant is bound by the estimated value in the receipt. Where a deputy bails property attached, it is an *official act,* and the Sheriff may maintain an action against the bailee for it. The deputy is simply the agent of the Sheriff. 1 *Stark. Ev.* 191. The Sheriff, the deputy and the receiptors are all *estopped,* by the agreed value in the receipt.

2. The defendant is also estopped by the judgment which *Lambert,* his deputy, recovered against the receiptors. He is not permitted to deny that the property is not worth the sum recovered in that suit. What would estop the deputy would also estop the defendant, and he could give nothing in evidence which the deputy could not. *Gardner v. Hosmer,* 6 *Mass.* 325. And a verdict against the Sheriff for the default of a deputy may be used as evidence in an action over against the deputy by the Sheriff. *Tyler v. Ulmer,* 12 *Mass.* 163.

By the judgment recovered by the deputy against the receiptors, the value of the property attached became *matter of record,* and therefore is an *estoppel* to the defendant and all others. 5 *Dane's Abr.* 381 ; *Hubert's case, Cro. Eliz.* 53.

It operates as an estoppel also on the ground that the merits of a judgment can never be drawn in question by an original suit either in law or equity — the judgment is conclusive as to the subject matter until it is set aside or reversed. *Phillips Ev.* 243, 246 ; *Stark. Ev.* 1, 191.

That judgment being upon the same matter directly in question, is evidence for or against *privies in law* — and such are *Lambert* and the defendant. *Phillips Ev.* 245. It is not essential for this purpose that the parties or form of action should be precisely the same — it is sufficient if they are substantially the same. *Case v. Reeves,* 14 *Johns. R.* 82 ; *Whally v. Menhiem & al.* 2 *Esp. R.* 608 ; *Thacher v. Young & al.* 3 *Greenl.* 67. These two suits were substantially the same as to the matter in dispute and the parties.

It is of no consequence as to the plaintiff, whether *Lambert's* judgment has been satisfied or not; *non constat* but that it may be hereafter.

Why then should not the defendant be liable to the extent of the agreed value in the receipt and the ascertained value in the judgment? Suppose the receiptors had actually paid the agreed value of $300 to the officer, would he not be liable over to the plaintiff for that amount? Or suppose the officer had sold the property for $300, would he be permitted to say he had sold the property for more than it was worth, and to prove it?

3. But parol evidence of the existence of an attachment on the property of the receiptors, prior to that of *Lambert's* was improperly admitted. This was not the best evidence the case would admit. Copies of the writ, judgment and execution should have been produced. *White & al. v. Haven,* 5 *Johns. R.* 351; *Brush v. Taggart,* 7 *Johns. R.* 19; *Emmonstone v. Plaisted,* 4 *Esp. R.* 160; *Waterman v. Robinson,* 5 *Mass.* 303; *Foster v. Compton,* 2 *Stark. R.* 321; *Jenner v. Joliff,* 6 *Johns. R.* 9; *Phillips Ev.* 312.

4. But if properly admitted, it cannot affect the plaintiff's right in this action. It is admitted that where property attached has been destroyed by the act of God, the officer is excused. But it is otherwise where, as in this case, the property was lost by the gross negligence of the officer, in bailing the property to irresponsible persons.

*Longfellow & Mitchell,* for the defendant, cited *Clark v. Cluff,* 3 *Greenl.* 357; *Walker v. Foxcroft,* 2 *Greenl.* 270; *Tyler v. Ulmer,* 12 *Mass.* 163; *Rockwood v. Allen,* 17 *Mass.* 254.

MELLEN C. J. delivered the opinion of the Court.

Several questions have been discussed in this cause, respecting which we need not give any opinion. The *first* is, whether it is competent for the plaintiff to avail himself of the estoppel which it is said was created by the receipt and the judgment thereon, in respect to the value of the one eighth part of the vessel attached. The *second* is, whether the act of *Lambert*

Weld v. Green.

in placing the property in the hands of the receiptors and taking security for its return, was an *official* act for which the defendant is in any way answerable. The *third* is, whether the defendant would be responsible for the estimated value of $300, mentioned in the receipt, provided *Lambert* had actually received that sum. We lay these inquiries aside and place our decision on the ground that in the case before us there *is no estoppel.* The sum of $300 was the estimated value of the property *when attached.* Had it remained in *Lambert's* possession until execution, and been seised and sold thereon, the defendant would have been accountable only for the amount produced by the sale, and with this *Weld* must have been content; and why should the defendant be answerable in damages for a greater sum than the fair value of it, when not seised and sold on the execution, but lost or misappropriated. See *Tyler v. Ulmer,* 12 *Mass.* 163. Such a sum would be the amount of injury sustained by the plaintiff; and that is the correct rule in the assessment of damages in such cases. It appears that *Lambert* has never received any thing from the receiptors. As the defendant is only liable for the value of the property attached, *at the time when it would have been seised and sold on execution,* had it not been delivered out of the possession of *Lambert,* it does not contradict the accountable receipt and the judgment thereon, to prove the value at a *subsequent period,* viz. when execution issued and was placed in *Lambert's* hands. There is no estoppel in such a case. *One* fact does not contradict the *other.* *One* was proved by the receipt, the *other* by parol testimony; and the jury have decided the question of value at the time when execution issued. This is according to perfect justice, whether property *rises* or *falls* in value between the *attachment* and the time when it becomes seisable on execution. As the law is perfectly clear that the Sheriff is answerable for such value at all events, though he never obtains any indemnity of the receiptors, the inquiry whether an attachment can be proved *by parol* to have been made of their property prior to *Lambert's* attachment of it, becomes perfectly useless. Accordingly there must be

*Judgment on the verdict.*